**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TARA ULRICH,

     Plaintiff,

vs.                                 CASE NO.:

CONNECTIONS EDUCATION LLC
d/b/a Pearson Online and Blended Learning K-12 USA,

     Defendant.

_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, TARA ULRICH, (hereinafter "Plaintiff" or "Ms. Ulrich") by and through the undersigned counsel, sues Defendant, CONNECTIONS EDUCATION LLC d/b/a Pearson Online and Blended Learning K-12 USA, (hereinafter "Defendant" or "Pearson") and alleges in support:

**JURISDICTION AND VENUE**

1.     This is a civil action by Plaintiff against her former employer for monetary damages, declaratory relief and other equitable relief pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, *et seq.*, as amended.

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as the matters at issue involve federal questions and the enforcement of federal statutes. Declaratory relief is authorized under 28 U.S.C. §§ 2210 and 2202.

3.     This Court has personal jurisdiction over Defendant because the events giving rise to this lawsuit occurred in Osceola County.

4.     Venue is proper in the Middle District of Florida, Orlando Division, under 28 USC § 1391 because the events giving rise to this lawsuit occurred in Osceola County.

## PARTIES

5.      Plaintiff, TARA ULRICH, is a resident of Osceola County, Florida.

6.      Defendant is CONNECTIONS EDUCATION LLC d/b/a Pearson Online and Blended Learning K-12 USA a Foreign Limited Liability Company with its headquarters located at 5601 Green Valley Drive, Bloomington, Minnesota 55437.

7.      Defendant, CONNECTIONS EDUCATION LLC d/b/a Pearson Online and Blended Learning K-12 USA, is a global company with more than 24,000 employees, approximately 14,000 of whom work in Pearson North America (United States and Canada).

8.      At all times hereinafter mentioned, the Plaintiff performed and conducted business for the Defendant in Osceola County, Florida.

9.      Defendant expected or should have reasonably expected its acts and business activities to have consequences in Osceola County, Florida

## ALLEGATIONS CENTRAL TO ALL COUNTS

10.     Ms. Ulrich worked for Pearson as an Advisor from August 8, 2011 through June 26, 2018. As an Advisor, Ms. Ulrich oversaw approximately 200 students at over fifteen schools. During her employment, Ms. Ulrich received multiple raises, was recognized as a top performer on numerous occasions and prior to her final assessment never received less than a three out of four on an employee review.

11.     During the 2017-2018 school year, Ms. Ulrich worked under the supervision of Cristin Gilleland.

12.     At the end of January 2018, Ms. Gilleland completed Ms. Ulrich's fall assessment, grading her a three out of four in every category.

13.     On February 4, 2018, Ms. Ulrich notified Ms. Gilleland that she needed Gallbladder surgery.

14.     On February 14, 2018, Ms. Ulrich received her first warning in seven years of employment that her tone wasn't "nice" in a calendar meeting.

15.     On February 16, 2018 Ms. Ulrich had surgery to remove her gallbladder. Unfortunately, Ms. Ulrich suffered multiple complications relating to the surgery and was forced to miss work until February 28, 2018.

16.     As a result of missing this additional time, Ms. Ulrich applied for and was granted FMLA leave and short-term disability.

17.     Upon returning to work, Ms. Gilleland approached Ms. Ulrich and let her know that she was disappointed that she was struggling to meet School Year Cycle (SYC) expectations.

18.     Ms. Ulrich reminded Ms. Gilleland that Pearson had not provided any substitute to fill in for her during her leave of absence, but Ms. Ulrich reassured Ms. Gilleland that she would get all her work completed in a timely manner; Ms. Ulrich had caught up by the middle of March.

19.     On May 10, 2018, Ms. Gilleland met with Ms. Ulrich to review her 2018 end of year assessment. In Ms. Ulrich's review, Ms. Gilleland rated Ms. Ulrich's work as a one (meaning ineffective) citing her February 14, 2018 verbal coaching. Additionally, Ms. Gilleland wrote, "Tara struggled early on with meeting the SYC expectations and had to be reminded several times to utilize available reporting to address communication needs. By mid-March, Tara showed great improvement with her SYC contact metrics and continues to meet contact expectations on a weekly basis."

20.     The only reason Ms. Ulrich had not met "SYC expectations" was her use of FMLA leave. She missed work from February 16, 2018 through February 28, 2018 causing her to fall below quota

21.     After presenting the review to Ms. Ulrich, Ms. Gilleland informed Ms. Ulrich that she would not be welcomed back for the 2018-2019 school year.

22.     Ms. Gilleland used Ms. Ulrich's year end assessment to terminate Ms. Ulrich in retaliation for her use of FMLA Leave.

23.     Pearson's act of terminating Ms. Ulrich violates The Family Medical Leave Act.

24.     As a result of her unlawful termination, Ms. Ulrich has suffered lost wages and benefits, emotional distress, humiliation, mental anxiety, loss of the enjoyment of life and loss of dignity.

25.     Ms. Ulrich has incurred attorney fees and costs as a result of pursuing her claim against Defendant.

## COUNT I
## RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

26.     Plaintiff re-alleges and re-adopts paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Ms. Ulrich was an employee of Pearson, and Pearson is a covered employer as defined under the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, *et seq*., as amended. Ms. Ulrich was, at all times relevant to this Complaint, eligible for leave under the FMLA.

28.     Ms. Gilleland was Ms. Ulrich's supervisors and is an agent of Pearson. At all times relevant to this Complaint, Ma. Gilleland acted in the interests of her employer in unlawfully retaliating against Plaintiff for utilizing FMLA leave.

29.     Pearson unlawfully retaliated against Plaintiff by disciplining her and terminating her for exercising her rights under the Act.

30.     As a direct, proximate and foreseeable result of Defendant's termination of Plaintiff, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE** Plaintiff, TARA ULRICH, respectfully demands judgment against Defendant, CONNECTIONS EDUCATION LLC d/b/a Pearson Online and Blended Learning K-12 USA, and requests this Honorable Court enter an Order making her whole by awarding the following relief:

A.     Compensation for lost wages, benefits, and other remuneration;

B.     Front pay;

C.     Compensatory damages, including emotional distress, allowable at law;

D.     Prejudgment interest on all monetary recovery obtained;

E.     Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

F.     Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes; and

G.     For such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 31st day of October 2019.

Respectfully submitted by:

*/s/ Jason W. Imler, Esq*

Jason W. Imler
Florida Bar No. 1004422
Gary L. Printy, Jr
Florida Bar No. 41956
PRINTY & PRINTY, P.A.
3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
jason.imler@printylawfirm.com
toni.harrold@printylawfirm.com
wanda.butler@printylawfirm.com